Margaret Rosenthal, Bar No. 147501
Email: mrosenthal@bakerlaw.com
Sabrina L. Shadi, Bar No. 205405
Email: sshadi@bakerlaw.com
Vartan S. Madoyan, Bar No. 279015
Email: vmadoyan@bakerlaw.com
Jeffrey C. Bils, Bar No. 301629
Email: jbils@bakerlaw.com
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509

*Attorneys for Defendant*
SYSCO SAN FRANCISCO, INC.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT MORENO, on behalf of himself and and others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>SYSCO SAN FRANCISCO, INC., a California corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 3:16-cv-7322<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(a) (FEDERAL QUESTION)**<br><br>[Filed concurrently with Civil Cover Sheet and Certification of Interested Entities or Persons]<br><br><br>Action Filed: November 28, 2016 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, defendant Sysco San Francisco, Inc. ("Defendant"), hereby removes the action filed by Albert Moreno ("Plaintiff") in the Superior Court of the State of California, in and for the County of Alameda, and captioned Case No. RG16840192, to the United States District Court for the Northern District of California.

## JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT

1. This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331, and removal is proper under 28 U.S.C. §§ 1441 and 1446, in that it is a civil action that raises issues which directly implicate questions of federal law under Section 301 of the Labor Management Relations Act, 29 U.SC. § 185 ("LMRA").

2. This Court is in the judicial district and division embracing the place where the state court case was brought and is pending. Thus, this Court is the proper district court to which this case should be removed. 28 U.S.C. §§ 1441(a) and 1446(a).

3. This Action arises in Alameda County. Thus, assignment in the San Francisco Division would be appropriate. Civil Local Rule 3-2(c), (d).

## THE ACTION & TIMELINESS OF REMOVAL
## PROCEDURAL BACKGROUND

4. On November 28, 2016, Plaintiff, purportedly on behalf of himself, and all others similarly situated, filed a Complaint against Defendant in the Superior Court of the State of California, in and for the County of Alameda, Case No. RG16840192 (the "State Court Action").

5. On November 28, 2016, Defendant was served with a copy of the Summons and Complaint.

6. Pursuant to 28 U.S.C. § 1446(b), this removal is timely because Defendant filed this removal within 30 days of its receipt of a copy of the Summons and Complaint in the State Court Action.

7. Exhibit A constitutes all process, pleadings, and orders served on Defendant in the State Court Action.

8. Defendant filed its Answer in the State Court Action on December 22, 2016. A true and correct copy of Defendant's Answer is attached as Exhibit B.

## **FEDERAL QUESTION JURISDICTION**

9. While Defendant denies all of the allegations in the Complaint, the Court nevertheless has original jurisdiction over this entire action under 28 U.S.C. § 1331 as the issues raised directly implicate questions of federal law, and removal is therefore appropriate under 28 U.S.C. § 1441(a).

10. The LMRA, which is codified at Title 29 U.S.C. Sections 141-187, provides in Section 301 that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce … may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). Section 301 of the LMRA preempts a state law claim "if the resolution of [that] claim depends upon the meaning of a collective-bargaining agreement." *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 748 (9th Cir. 1993). The "preemptive force of section 301 is so powerful as to displace entirely any state claim based on a collective bargaining agreement, and any state claim whose outcome depends on analysis of the terms of the agreement." *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987). This is because "the policy in favor of national uniformity in labor law is so powerful that it displaces state law with respect to claims involving the interpretation or enforcement of [a CBA]." *Associated Builders & Contrs. v. Local 302 IBEW*, 109 F.3d 1353, 1356-57 (9th Cir. 1997). In order to determine whether

resolution of a state claim requires interpretation of a collective bargaining agreement, the court must "examin[e] the terms of the agreement, the elements of the [claim] involved, and the facts which defendant may assert in defense." *Moreau v. San Diego Transit Corp.*, 210 Cal. App. 3d 614, 624 (1989), relying in part on *Hanks v. General Motors Corp.*, 859 F.2d 67, 70 (8th Cir. 1988) (the affirmative defenses must be considered in determining whether resolution of the state law claim requires construing the collective bargaining agreement); *accord Newberry v. Pacific Racing Association*, 854 F.2d 1142, 1146 (9th Cir. 1988) (determining the scope of Section 301 preemption is not based on how the complaint is framed but on whether the claims can be resolved only by referring to the terms of the collective bargaining agreement).

11. Plaintiff's meal break claim are preempted by Section 301 of the LMRA because resolution of that claim will require interpretation of the three collective bargaining agreements ("CBA") in place during the relevant time period between Defendant and the International Brotherhood of Teamsters, Local No. 853, the union representing the bargaining unit of which Plaintiff was a member. (See Exhibits C to E.)

12. Plaintiff's first cause of action alleges that Defendant violated California meal period laws, including California Labor Code Sections 226.7 and 512. (Complaint ¶¶ 23-26.) Plaintiff alleges that Defendant "routinely denied, and [did] not authorize [him] to take, a second uninterrupted 30 minute off-the-clock meal period for every shift over ten hours in duration," and that he was not "paid premium wages of one hour's pay for each missed meal period." (*Id.* ¶ 25.) Thus, Plaintiff's meal break claim challenges the manner in which he was provided meal breaks, which is provided pursuant to the three relevant CBAs.

13. Plaintiff's claim can only be adjudicated by interpreting the three relevant CBAs. The CBA defined the manner in which Plaintiff and putative class members and/or allegedly aggrieved employees were assigned work, the amount of

work assigned, and when they would be provided meal breaks consistent with these provisions.  Therefore, all such provisions must be analyzed and interpreted to resolve Plaintiff's meal break claim.  Specifically, the current CBA, for example, provides that "[a]ll employees shall have a one-half (1/2) hour lunch period." (Exh. C, Art. 16, Sec. 11.)  Given Plaintiff's Complaint which challenges second meal breaks, the parties dispute whether the CBA allows for two meal breaks on shifts greater than ten hours.  This is an issue the Court will need to resolve and will require interpretation of the CBA.

14.   The CBAs also provide for a seniority system that control how work is assigned and the amount of work assigned, including overtime which depends on seniority and could trigger a second meal break as Plaintiff claims in the Complaint. (*Id.* at Arts. V and XVI.)  The CBA also has detailed bidding procedures for warehouse employees, such as Plaintiff. (*Id.* at Memorandum of Understanding – 1.)  Moreover, the CBA provides for additional provisions for probationary warehouse employees, which would have impacted Plaintiff, the putative class, and/or allegedly aggrieved employees during the probationary period of their employment under the CBA. (*Id.* at Memorandum of Understanding – 3.)  To resolve Plaintiff's first cause of action for meal break violations, each of these provisions of the CBAs must be analyzed and interpreted.  Therefore, this claim is preempted under *Sciborski v. Pac. Bell Directory*, 205 Cal. App. 4th 1152, 1164 (2012).  *See also*, *Greenly*, 2006 WL 3716769, at *4 (E.D. Cal. Dec. 15, 2006) (holding rest break claim was preempted by Section 301); *Mireles*, 2014 WL 4385453, at *6 (S.D. Cal. Sept 4, 2014) (holding meal period claim preempted by Section 301); *Buck*, 2013 WL 4648579 (E.D. Cal. Aug. 29, 2013) (denying motion for remand and finding meal and rest break claims preempted by Section 301).

15.   To the extent that Plaintiff has not specifically pled that his claims require interpretation of the three relevant CBAs, his attempt to "artfully plead" his

claim cannot avoid Section 301 preemption. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987).

16. Consequently, this Court has original jurisdiction over Plaintiff's first cause of action of the Complaint.

## SUPPLEMENTAL JURISDICTION

17. The Court has supplemental jurisdiction over Plaintiff's remaining claims because they form part of the same case or controversy which is the subject of Plaintiff's meal break claim. 28 U.S.C. §§ 1367(a), 1441(a); *See City of Chicago v. Int'l Conference of Surgeons*, 522 U.S. 156, 156-59, 165; 118 S.Ct. 523, 523-25, 529-30 (1997) (the District Court properly permitted removal and exercised supplemental jurisdiction over plaintiff's state law claims where both of plaintiff's state and federal claims derived from "a common nucleus of operative fact"). Specifically, all the claims in the Complaint are related to Plaintiff's meal break claim and are derivative of that claim. (*See* Complaint, generally.)

18. Therefore, the Court has jurisdiction over all claims in the Complaint, and Defendant has properly removed the State Court Action to this Court.

Respectfully submitted,

Dated:  December 23, 2016          BAKER & HOSTETLER LLP

By:    */s/ Vartan S. Madoyan*
      Margaret Rosenthal
      Sabrina L. Shadi
      Vartan S. Madoyan
      Jeffrey C. Bils

*Attorneys for Defendant*
SYSCO SAN FRANCISCO, INC.

# PROOF OF SERVICE

I am employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA  90025-0509.  On December 23, 2016, I served a copy of the within document(s):  **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(a) (FEDERAL QUESTION)**

 by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

Kenneth S. Gaines
Daniel F. Gaines
Alex P. Katofsky
**GAINES & GAINES, APLC**
27200 Agoura Road, Suite 101
Calabasas, CA 91301
(818) 703-8985
(818) 703-8984
ken@gaineslawfirm.com
daniel@gaineslawfirm.com
alex@gaineslawfirm.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United State of America that the above is true and correct.

Executed on December 23, 2016, at Los Angeles, California.



_____
Hien Tran