# EXHIBIT A

| | |
|---|---|
| 1  KENNETH S. GAINES, ESQ. SBN 049045<br>ken@gaineslawfirm.com<br>2  DANIEL F. GAINES, ESQ. SBN 251488<br>daniel@gaineslawfirm.com<br>3  ALEX P. KATOFSKY, ESQ. SBN 202754<br>alex@gaineslawfirm.com<br>4  GAINES & GAINES, APLC<br>27200 Agoura Road, Suite 101<br>5  Calabasas, CA 91301<br>Telephone: (818) 703-8985<br>6  Facsimile: (818) 703-8984 | FILED BY FAX<br>ALAMEDA COUNTY<br>November 28, 2016<br>CLERK OF<br>THE SUPERIOR COURT<br>By Burt Moskaira, Deputy<br>CASE NUMBER:<br>RG16840192 |

7   Attorneys for Plaintiff Albert Moreno, on behalf of himself and all others similarly situated, and on
    behalf of the general public

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| ALBERT MORENO, on behalf of himself and all others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>SYSCO SAN FRANCISCO, INC., a California corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO:<br><br>CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR:<br><br>1. FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF (LABOR CODE §§ 226.7, 512)<br><br>2. KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS (LABOR CODE § 226(a), (e), (h))<br><br>3. VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200<br><br>4. PENALTIES PURSUANT TO LABOR CODE § 2699(f) FOR VIOLATIONS OF LABOR CODE §§ 226(a), 226.7 AND 512 AND PURSUANT TO LABOR CODE § 2699(a) FOR VIOLATIONS OF LABOR CODE § 558<br><br>DEMAND FOR JURY TRIAL |

Plaintiff ALBERT MORENO ("Plaintiff"), on behalf of himself and all others similarly situated (the "Class" or "Plaintiff Class"), on behalf of the general public, and as an "aggrieved

-1-
CLASS AND REPRESENTATIVE ACTION COMPLAINT

employee" under the Labor Code Private Attorneys General Act of 2004, complains of Defendant as follows:

## I.

## INTRODUCTION AND FACTUAL BACKGROUND

1. This is a Class Action and Representative Action, pursuant to Code of Civil Procedure § 382 and Labor Code § 2698 *et seq.*, on behalf of Plaintiff and certain employees who currently work or formerly worked for SYSCO SAN FRANCISCO, INC., a California corporation (hereinafter, "Defendant") and/or any subsidiaries or affiliated companies within the State of California.

2. For at least four (4) years prior to the filing of this action and continuing to the present (the "liability period"), Defendant has had a consistent policy of failing to provide legally compliant meal periods, and failing to provide employees with accurately itemized wage statements.

3. Plaintiff, on behalf of himself and members of the proposed Class (as defined below), brings this action pursuant to Labor Code §§ 226, 226.7, 512, and 558 seeking compensation for all premium wages for unauthorized meal periods, interest, penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

4. Plaintiff, on behalf of himself and members of the Class, pursuant to Business & Professions Code §§ 17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits Defendant enjoyed from its failure to pay all premium wages for all missed and denied meal periods.

5. Plaintiff, on behalf of himself and all other aggrieved employees, pursuant to Labor Code § 2699, seeks penalties for Defendant's various violations of the California Labor Code.

6. Venue as to each Defendant is proper in this judicial district, pursuant to Code of Civil Procedure § 395. Defendant operates within California. The violations alleged herein occurred in the County of Alameda, State of California.

\\

\\

-2-
CLASS AND REPRESENTATIVE ACTION COMPLAINT

**EXHIBIT A - Page 2**

## II.

## PARTIES

**A.   Plaintiff**

7.   Plaintiff ALBERT MORENO has been employed by Defendant since November 13, 2015. He performed work for Defendant in Alameda County, California as a non-exempt "order selector".

8.   During his work with Defendant, Plaintiff was:

   a.   Required to work without legally compliant meal periods, or compensation in lieu thereof; and

   b.   Willfully denied accurately itemized wage statements.

**B.   Defendant**

9.   Defendant SYSCO SAN FRANCISCO, INC. is a California corporation which operates throughout California. Defendant employed Plaintiff and similarly situated employees within California and some of the violations alleged herein arose in Alameda County, California.

10.   The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

11.   Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

12.   The Defendants named herein as DOE 1 through DOE 10 are and were persons acting on behalf of, or acting jointly with, Defendants, who violated, or caused to be violated, one or more provisions of the California Labor Code as alleged herein.

## III.

## CLASS ACTION ALLEGATIONS

13. Plaintiff brings this action on behalf of himself and all others similarly situated as a Class Action pursuant to § 382 of the Code of Civil Procedure. Plaintiff seeks to represent one class composed of and defined as follows:

### THE CLASS

All current and former non-exempt employees employed by Sysco San Francisco, Inc. in California since the date four years prior to filing this Action.

14. Plaintiff reserves the right under Rule 3.765, California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

15. This action has been brought and may properly be maintained as a class action under the provisions of § 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

A. **Numerosity**

16. The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of the Class has not been ascertained at this time, Plaintiff is informed and believes, and based thereon alleges, that Defendant currently employ, and during the relevant time periods employed, over 50 persons in the State of California who fall within the Class definition.

17. Accounting for employee turnover during the relevant periods necessarily increases this number. Plaintiff alleges Defendant's employment records would provide information as to the number and location of members of the Class. Joinder of the members of the Class is not practicable.

\\
\\
\\

-4-

CLASS AND REPRESENTATIVE ACTION COMPLAINT

B. **Commonality**

18. There are questions of law and fact common to the Class that predominate over any questions affecting only individual class members. These common questions of law and fact include, without limitation:

    a. Whether Defendant fails to authorize Plaintiff and Class members to take meal periods to which they are entitled, or paid premium wages in lieu thereof, in violation of Labor Code §§ 226.7 and 512;

    b. Whether Defendant fails to provide Plaintiff and Class members with wage statements that fully and accurately itemize the requirements set forth in Labor Code § 226(a); and

    c. Whether Plaintiff and Class members are entitled to equitable relief pursuant to Business & Professions Code § 17200 *et seq.*

C. **Typicality**

19. The claims of the named Plaintiff are typical of the claims of members of the Class. Plaintiff and members of the Class sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of laws, regulations that have the force and effect of law, and statutes as alleged herein.

D. **Adequacy of Representation**

20. Plaintiff will fairly and adequately represent and protect the interests of members of the Class. Counsel who represents Plaintiff are competent and experienced in litigating large employment class actions.

E. **Superiority of Class Action**

21. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed members of the Class is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the proposed Classes has been damaged and is entitled to recovery by reason of Defendant's illegal policies and practices.

22. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## IV.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS

### FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF

### (LABOR CODE §§ 226.7, 512)

23. Plaintiff incorporates paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24. Plaintiff and Class members are entitled to one hour of pay for each day that Defendant failed to properly provide one or more meal periods as set forth in Labor Code §§ 226.7 and 512 and the applicable IWC Wage Order.

25. Defendant failed to pay Plaintiff and Class members premium wages for missed meal periods, in violation of Labor Code §§ 226.7 and 512. Plaintiff and Class members were routinely denied, and not authorized to take, a second uninterrupted 30 minute off-the-clock meal period for every shift over ten hours in duration, and were not paid premium wages of one hour's pay for each missed meal period.

26. Pursuant to Labor Code §§ 226.7 and 512, Plaintiff seeks the payment of all meal period compensation which he and Class members are owed for four years preceding the filing of this Action, according to proof.

Wherefore, Plaintiff and the Class he seeks to represent request relief as described below.

\\
\\
\\
\\

-6-

CLASS AND REPRESENTATIVE ACTION COMPLAINT

**EXHIBIT A - Page 6**

## V.

## SECOND CAUSE OF ACTION

### PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS

### KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS (LABOR CODE § 226(a), (e), (h))

27. Plaintiff incorporates paragraphs 1 through 26 of this Complaint as though fully set forth herein.

28. Labor Code § 226(a) provides that "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by person check or cash, an accurate itemized statement in writing" providing: (1) gross wages earned; (2) total hours worked by the employee; (3) the number of piece-rate units earned (for piece-rate workers); (4) all deductions taken; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and either the last four digits of the employee's social security number or the employee identification number; (8) the name and address of the employer; and (9) all applicable hourly rates of pay in effect during the pay period and the corresponding number of hours worked at each hourly rate. Any departure from these requirements violates Labor Code § 226(a).

29. Defendant has violated Labor Code § 226(a) and (e). Specifically, as a result of its failure to pay all meal period premium wages due, the wage statements issued by Defendant to Plaintiff and Class members fail to accurately state all gross wages earned, in violation of Labor Code § 226(a)(1), net wages earned, in violation of Labor Code § 226(a)(5), and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked, in violation of Labor Code § 226(a)(9).

30. Further, and independent of the allegations above, the wage statements issued by Defendant to Plaintiff and Class members fail to correctly set forth all applicable hourly rates during the pay period and the corresponding number of hours worked, in violation of Labor Code § 226(a)(9). Specifically, the wage statements set forth incorrect double-time rates.

31. One remedy for violations of Labor Code § 226(a) is a statutory penalty set forth in Labor Code § 226(e). Labor Code § 226(e) provides that when an employer knowingly and intentionally violates Labor Code § 226(a), any employee "suffering injury" may sue and collect a penalty of $50 or $100 (for subsequent violations), up to $4,000 per employee. Effective January 1, 2013, an employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone the amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a).

32. Plaintiff and Class members have suffered injury within the meaning of Labor Code § 226(e) in that the wage statements issued to them by Defendant do not provide accurate and complete information as required by Labor Code §§ 226(a)(1), 226(a)(5), and 226(a)(9) and they cannot promptly and easily determine this information from the wage statements alone. As a result, Defendant violated Labor Code § 226(a) and is subject to penalties pursuant to Labor Code § 226(e).

Wherefore, Plaintiff and the Class he seeks to represent request relief as described below.

## VI.
## THIRD CAUSE OF ACTION
## PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS
## UNFAIR COMPETITION PURSUANT TO
## BUSINESS & PROFESSIONS CODE § 17200 ET SEQ.

33. Plaintiff incorporates paragraphs 1 through 32 of this Complaint as though fully set forth herein.

34. This is a Representative Private Attorney General Action and Class Action for Unfair Business Practices. Plaintiff, on his own behalf and on behalf of the general public, and on behalf of others similarly situated, bring this claim pursuant to Business & Professions Code § 17200 *et seq.* The conduct of all Defendant as alleged in this Complaint has been and continues to

-9-

be unfair, unlawful, and harmful to Plaintiff, the general public, and members of the Class. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

35. Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

36. Business & Professions Code § 17200 *et seq.* prohibits unlawful and unfair business practices.

37. Wage and hour laws express fundamental public policies. Properly providing employees with premium wages for unauthorized meal periods is a fundamental public policy of this State and of the United States. Labor Code § 90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards.

38. Defendant has violated statutes and public policies. Through the conduct alleged in this Complaint, Defendant has acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200, *et seq.* depriving Plaintiff, and all persons similarly situated, and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

39. Defendant's conduct, as alleged herein, constitutes unfair competition in violation of §17200 *et seq.* of the Business & Professions Code.

40. Defendant, by engaging in the conduct herein alleged, either knew or in the exercise of reasonable care should have known that the conduct was unlawful. As such, it is a violation of § 17200 *et seq.* of the Business & Professions Code.

41. As a proximate result of the above-mentioned acts of Defendant, Plaintiff and others similarly situated have been damaged in a sum as may be proven.

42. Unless restrained by this Court, Defendant will continue to engage in the unlawful conduct as alleged above. Pursuant to Business & Professions Code § 17200 *et seq.*, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment, by Defendant, their agents, or employees, of any unlawful or deceptive practice prohibited by the Business & Professions Code, and/or, including but not limited to, disgorgement of profits which may be necessary to restore Plaintiff and Class members to the money Defendant has unlawfully failed to pay.

## VII.
## FOURTH CAUSE OF ACTION
### PLAINTIFF AND ALL AGGRIEVED EMPLOYEES AGAINSTS ALL DEFENDANTS
### PENALTIES PURSUANT TO LABOR CODE § 2699(f) FOR VIOLATIONS OF LABOR CODE §§ 226(a), 226.7 AND 512 AND PURSUANT TO LABOR CODE § 2699(a) FOR VIOLATIONS OF LABOR CODE § 558

43. Plaintiff incorporates paragraphs 1 through 42 of this Complaint as though fully set forth herein.

44. As a result of the acts alleged above, Plaintiff seeks penalties pursuant to Labor Code § 2698 *et seq*

45. For each such violation, Plaintiff and all other aggrieved employees are entitled to penalties in an amount to be shown at the time of trial subject to the following formula: pursuant to Labor Code § 2699(f), $100 for each initial violation and $200 for each subsequent violation of Labor Code §§ 226(a), 226.7, and 512, and pursuant to Labor Code § 2699(a), the penalties and wages authorized by Labor Code § 558.

46. Penalties recovered will be allocated 75% to the Labor and Workforce Development Agency, and 25% to the affected employees; wages recovered will be allocated to the aggrieved employees.

47. On September 8, 2016 Plaintiff sent a letter, by certified mail, return receipt requested, to the LWDA and Defendant setting forth the facts and theories of the violations alleged against Defendant, as proscribed by Labor Code §§ 2698, *et seq.* Pursuant to Labor Code §

-10-
CLASS AND REPRESENTATIVE ACTION COMPLAINT

**EXHIBIT A - Page 10**

2699.3(a)(2)(A), no notice was received by Plaintiff from the LWDA within thirty-three (33) calendar days of September 8, 2016. Plaintiff may therefore commence this action to seek penalties pursuant to Labor Code § 2698 *et seq.*

Wherefore, Plaintiff and all aggrieved employees request relief as described below.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

1. For compensatory damages pursuant to Labor Code §§ 226.7 and 512 in the amount of one hour of wages for each day on which a meal period was not properly provided to Plaintiff and all Class members, and compensation in lieu thereof was not paid, from the date at least four (4) years prior to the filing of this Action to the present as may be proven;

2. For penalties pursuant to Labor Code § 226(e) for Plaintiff and all Class members;

3. For injunctive relief pursuant to Labor Code § 226(h) and Business & Professions Code § 17200 *et seq.*;

4. An award of prejudgment and post-judgment interest;

5. For penalties, wages, and other relief pursuant to Labor Code § 2698 *et seq.* for Plaintiff and all aggrieved employees;

6. For restitution for unfair competition pursuant to Business & Professions Code § 17200 *et seq.* for Plaintiff and all Class members;

7. An award providing for payment of costs of suit;

8. An award of attorneys' fees; and

9. Such other and further relief as this Court may deem just and proper.

Dated: November 23, 2016

Respectfully submitted,

GAINES & GAINES
A Professional Law Corporation

By: _____
DANIEL F. GAINES
ALEX P. KATOFSKY
Attorneys for Plaintiff

-11-
CLASS AND REPRESENTATIVE ACTION COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law

Dated: November 23, 2016

Respectfully submitted,

GAINES & GAINES
A Professional Law Corporation

By: _____
DANIEL F. GAINES
ALEX P. KATOFSKY
Attorneys for Plaintiff



```
Superior Court of California, County of Alameda        Receipt Nbr: 323288
George E. McDonald Hall of Justice                     Clerk: bmoskaira
2233 Shoreline Drive                                   Date: 11/28/2016
Alameda, CA  94501
```

| Type    | Case Number | Description                    | Amount    |
|---------|-------------|--------------------------------|-----------|
| Filing  | RG16840192  | Complaint - Other Employment   | $435.00   |
| Filing  | RG16840192  | Complex Designation Requested  | $1000.00  |
| Service | RG16840192  | 16 Premium Fax Filing Page(s)  | $24.00    |

```
        Total Amount Due:    $1,459.00
        Prior Payment:
        Current Payment:     $1,459.00
        Balance Due:             $.00
        Overage:
        Excess Fee:
        Change:

Payment Method:
        Cash:
        Check:
        Credit Card:         $1,459.00
```

CIV-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Alex P. Katofsky, Esq. (SBN 202754)<br>Gaines & Gaines, APLC<br>27200 Agoura Road, Suite 101<br>Calabasas, CA  91301<br>TELEPHONE NO.: 818-703-8985   FAX NO. (Optional): 818-703-8984<br>E-MAIL ADDRESS (Optional): alex@gaineslawfirm.com<br>ATTORNEY FOR (Name): Plaintiff Albert Moreno | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: Rene C. Davidson Courthouse

PLAINTIFF/PETITIONER: Albert Moreno, et al.
DEFENDANT/RESPONDENT: Sysco San Francisco, Inc., et al.

| NOTICE OF ENTRY OF JUDGMENT<br>OR ORDER<br><br>(Check one):  [x] UNLIMITED CASE         [ ] LIMITED CASE<br>(Amount demanded           (Amount demanded was<br>exceeded $25,000)          $25,000 or less) | CASE NUMBER:<br>RG16840192 |
|---|---|

**TO ALL PARTIES :**

1. A judgment, decree, or order was entered in this action on (date): November 28, 2016

2. A copy of the judgment, decree, or order is attached to this notice.

Date: 12/2/2016

Alex P. Katofsky, Esq.
(TYPE OR PRINT NAME OF  [X] ATTORNEY  [ ] PARTY WITHOUT ATTORNEY)                              (SIGNATURE)

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
CIV-130 [New January 1, 2010]

**NOTICE OF ENTRY OF JUDGMENT OR ORDER**

Legal Solutions Plus

**EXHIBIT A - Page 14**

CIV-130

| PLAINTIFF/PETITIONER: Albert Moreno, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Sysco San Francisco, Inc., et al. | RG16840192 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF ENTRY OF JUDGMENT OR ORDER

*(NOTE: You cannot serve the Notice of Entry of Judgment or Order if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*
   27200 Agoura Road, Suite 101, Calabasas, CA  91301

2. I served a copy of the *Notice of Entry of Judgment or Order* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☒ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Entry of Judgment or Order* was mailed:
   a. on *(date):* 12/2/2016
   b. from *(city and state):* Calabasas, California

4. The envelope was addressed and mailed as follows:
   a. Name of person served: Margaret Rosenthal, Esq. - Baker & Hostetler LLP
      Street address: 11601 Wilshire Blvd, 1400
      City: Los Angeles
      State and zip code: California 90025-0509

   b. Name of person served:
      Street address:
      City:
      State and zip code:

   c. Name of person served:
      Street address:
      City:
      State and zip code:

   d. Name of person served:
      Street address:
      City:
      State and zip code:

   ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached 1____.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 12/2/2016

Carole Thompson
(TYPE OR PRINT NAME OF DECLARANT)                    (SIGNATURE OF DECLARANT)

Page 2 of 2
CIV-130 [New January 1, 2010]             **NOTICE OF ENTRY OF JUDGMENT OR ORDER**

**EXHIBIT A - Page 15**

```
┌                                    ┐    ┌                                        ┐
  Gaines & Gaines, APLC                    Sysco San Francisco, Inc., a California
  Attn: Katofsky, Alex P.                  corporation
  27200 Agoura Road
  Suite 101
└ Calabasas, CA   91301              ┘    └                                        ┘
```

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| Moreno | No. RG16840192 |
|---|---|
| Plaintiff/Petitioner(s) VS. | |
| Sysco San Francisco, Inc., a California corporatio | NOTICE OF HEARING |
| Defendant/Respondent(s) (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above entitled action has been set for:

    Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Case Management Conference:
DATE: 01/24/2017    TIME: 03:00 PM    DEPARTMENT: 30
LOCATION: U.S. Post Office Building, Second Floor
              201 13th Street, Oakland

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions under Local Rule 3.90.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing (CDH) must be scheduled in the same department as that hearing.

If the information contained in this notice requires change or clarification, please call the courtroom clerk for the department where the CDH is scheduled.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling 1-888-882-6878, or faxing a service request form to 1-888-882-2946. This service is subject to charges by the vendor.

Dated: 11/28/2016          Chad Finke  Executive Officer / Clerk of the Superior Court

                                                        digital
                                    By     /s/ Ayamu
                                                                 Deputy Clerk

### CLERK'S CERTIFICATE OF MAILING
I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

    Executed on 11/29/2016.

                                                           digital
                                     By    /s/ Ayamu
                                                                 Deputy Clerk

Fax Server                11/28/2016 11:16:39 AM   PAGE   1/001    Fax Server

28-Nov-2016  13:41    Gaines Law Firm                              8187038984         p.4

|  |  |
|---|---|
| **SUMMONS**<br>**(CITACION JUDICIAL)**<br>**NOTICE TO DEFENDANT:** SYSCO SAN FRANCISCO, INC., a<br>**(AVISO AL DEMANDADO):** California corporation, and DOES<br>1 through 10, inclusive | **SUM-100**<br>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)<br>**FILED BY FAX**<br>ALAMEDA COUNTY<br>November 28, 2016<br>CLERK OF<br>THE SUPERIOR COURT<br>By Burt Moskaira, Deputy |
| **YOU ARE BEING SUED BY PLAINTIFF:** ALBERT MORENO, on<br>**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** behalf of himself<br>and all others similarly situated, and on behalf of<br>the general public | |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:  CASE NUMBER: RG16840192
(El nombre y dirección de la corte es): (Número del Caso):
Superior Court of the State of California
1225 Fallon Street
Oakland, California 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Alex P. Katofsky, Esq. (SBN 202754)                    985   818-703-8984
Gaines Law Firm  November 28, 2016
27200 Agoura Road, Suite 101
Calabasas, CA 91301

DATE:                                Clerk, by _____, Deputy
(Fe                                  (Secretario)                      (Adjunto)

mmons, use Proof of Service of Summons (form POS-010).)
sta citación use el formulario Proof of Service of Summons, (POS-010)).
**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):
3. [✓] on behalf of (specify): Sysco San Francisco, Inc., a California corporation
   under: [✓] CCP 416.10 (corporation)           [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [✓] by personal delivery on (date): 11/29/16

Form Adopted for Mandatory Use           SUMMONS           Legal Solutions Plus    Code of Civil Procedure §§ 412.20, 465
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Page 1 of 1

Fax Server                    11/28/2016 11:16:29 AM   PAGE   1/001   Fax Server

28-Nov-2016 13:39   Gaines Law Firm                                 8187038984            p.2

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Alex P. Katofsky, Esq. (SBN 202754)<br>Gaines & Gaines, APLC<br>27200 Agoura Road, Suite 101<br>Calabasas, CA 91301<br>TELEPHONE NO. 818-703-8985   FAX NO. 818-703-8984<br>ATTORNEY FOR (Name): Plaintiff Albert Moreno | **FILED BY FAX**<br>ALAMEDA COUNTY<br>November 28, 2016<br>CLERK OF<br>THE SUPERIOR COURT<br>By Burt Moskaira, Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Oakland<br>STREET ADDRESS: 1225 Fallon Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Oakland, California 94612<br>BRANCH NAME: Rene C. Davidson Courthouse | CASE NUMBER:<br>RG16840192 |
| CASE NAME: Moreno v. Sysco San Francisco, et al. | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited   [ ] Limited<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): Four
5. This case [x] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 11/28/2016

Alex P. Katofsky, Esq. (SBN 202754)
(TYPE OR PRINT NAME)                                          ▶  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal<br>Solutions<br>⊕ Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

**EXHIBIT A - Page 18**