UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT MORENO, <br>         Plaintiff, <br>     v. <br> SYSCO SAN FRANCISCO, INC., <br>         Defendant. | Case No.16-cv-07322-JSC <br><br> **ORDER GRANTING MOTION TO REMAND** <br> Re: Dkt. No. 28 |

Plaintiff filed this putative state law wage and hour class action in Alameda County Superior Court. Defendant Sysco San Francisco subsequently removed the case to federal court based on federal question jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. Plaintiff's motion to remand the action to state court is now pending before the Court. (Dkt. No. 28.) Having considered the parties' briefs and having had the benefit of oral argument on December 21, 2017, the Court GRANTS the motion to remand.[1] Plaintiff's claims are not preempted by the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), and there is thus no basis for federal subject matter jurisdiction.

## BACKGROUND

Plaintiff Albert Moreno has been employed by Defendant as a non-exempt "order selector" since November 15, 2015. (Complaint (Dkt. No. 1-1) at ¶ 7.) On November 28, 2016, he filed this putative class action complaint in Alameda Superior Court. (Dkt. No. 1-1.) He alleges four claims for relief under state law: (1) failure to provide meal periods in violation of California Labor Code §§ 226.7, 512; (2) failure to issue itemized wage statements in violation of California

---

[1] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 17 & 19.)

Labor Code §§ 226(a), (e), (h); (3) violation of unfair competition law in violation of California Business and Professions Code § 17200 et seq; and (4) for penalties under California Labor Code § 2699(f). (*Id.* at ¶¶ 23-47.)

Defendant filed its answer in state court on December 22, 2016 and one day later removed the complaint to federal court based on federal question jurisdiction. (Dkt. Nos. 1; 1-2.) In the Notice of Removal, Defendant alleges that removal is proper because Plaintiff's first claim for relief for meal break violations is preempted by Section 301 of the LMRA as resolution of the claim will require the interpretation of the three collective bargaining agreements in place during the relevant time period. (Dkt. No. 1 at ¶¶ 9-11.) This case was then related to another putative class action lawsuit brought on behalf of non-exempt employees of Defendant. (Dkt. No. 18.) Shortly thereafter, Plaintiff filed the now pending motion to remand. Briefing on the motion was stayed while the parties engaged in settlement discussions in the related cases. (Dkt. No. 30.) When the cases did not resolve at the parties' mediation, the parties submitted the remainder of the briefing on the motion for remand and the motion was heard on December 21, 2017.

## LEGAL STANDARD

"A motion to remand is the proper procedure for challenging removal." *Leo v. Alameda Cnty. Med. Ctr.*, No. C 06–03799 SI, 2006 WL 2669001, at *1 (N.D. Cal. Sept. 18, 2006). A district court must remand a removed action "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

The Court has original "federal question" jurisdiction over civil actions "arising under" federal law. 28 U.S.C. § 1331. Removal based on jurisdiction under section 1331 is governed by the "well-pleaded complaint rule." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*.

The doctrine of complete preemption, however, is an exception to the well-pleaded

2

complaint rule. Under this doctrine, the force of certain federal statutes is considered so "extraordinary" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987); *see also Caterpillar*, 482 U.S. at 393 ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."). The LMRA is a federal statute with complete preemptive force. 29 U.S.C. § 185; *see also Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557, 559-60 (1968). The preemptive force of Section 301 extends beyond suits that allege contract violations to encompass suits that allege breaches of duties assumed in collective bargaining agreements. *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985).

## DISCUSSION

Plaintiff insists that remand is required because the LMRA does not preempt Plaintiff's meal break claim. The Court agrees.

### A. The LMRA does not Preempt Plaintiff's Claim

Section 301 of the LMRA, codified at 29 U.S.C. § 185(a), states in relevant part:

> "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties ..."

Section 301 preemption applies "beyond cases specifically alleging contract violation to those whose resolution 'is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract.'" *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 689 (9th Cir. 2001) (en banc) (quoting *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985)). However, Section 301 only preempts "claims founded directly on rights created by collective-bargaining agreements," and "claims substantially dependent on analysis of a collective-bargaining agreement." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987). "The plaintiff's claim is the touchstone for this analysis; the need to interpret the CBA must inhere in the nature of the plaintiff's claim. If the claim is plainly based on state law, § 301 preemption is not mandated

3

simply because the defendant refers to the CBA in mounting a defense." *Cramer*, 255 F.3d at 691.

Courts apply a two-part test for determining whether a claim is preempted by § 301. *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1060 (9th Cir. 2007). First, the court determines "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a" collective bargaining agreement. *Id*. at 1059. "If the right exists solely as a result of the CBA, then the claim is preempted, and [the] analysis ends there." *Id*. If the right exists independent of the CBA, the court turns to the second prong: whether the claim is "substantially dependent on analysis of a collective-bargaining agreement." *Id*. (internal citation and quotation marks omitted). If the claim does not depend on analysis of a collective bargaining agreement, the claim is not preempted and may proceed under state law. However, if the claim does depend on an analysis of a collective bargaining agreement, the claim is preempted. The court's decision in this regard is based on "whether the claim can be resolved by 'look[ing] to' versus interpreting the CBA." *Id*. (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 121 (1994)). "[T]he bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Livadas*, 512 U.S. at 124.

Plaintiff's first claim for relief is for failure to provide meal periods or compensation in lieu thereof under California Labor Code Sections 226.7 and 512. Defendant contends that this claim is preempted by the LMRA because the claim is inextricably intertwined with the CBA and/or requires interpretation of the CBA.

**1) Prong One: Plaintiff's Meal Break Claim Arises Under State Law**

Defendant has not established that the first prong of the LMRA preemption test is met. Plaintiff alleges that he and the putative class were "routinely denied, and not authorized to take, a second uninterrupted 30 minute off-the-clock meal period for every shift over ten hours in duration, and were not paid premium wages of one hour's pay for each missed meal period." (Complaint at ¶ 25.) This claim is based on a right conferred by state law rather than the CBA. *Compare* California Labor Code § 512(a)("[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes," and that "[a]n employer may not employ an employee for a work period of

4

more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.") *with* Dkt. No. 1-3 (CBA, Art. 16 § 11 ("[a]ll employees shall have a one-half (1/2) hour lunch period."). "Because these meal period rights are considered 'non-negotiable' under California law, plaintiff's claims are not subject to preemption under LMRA § 301." *Stone v. Sysco Corp.*, No. 16-CV-01145-DAD-JLT, 2016 WL 6582598, at *7 (E.D. Cal. Nov. 7, 2016) (considering the same meal break allegations as here). That the CBA includes provisions regarding meal breaks is insufficient to mandate preemption. *See, e.g.*, *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 960 (C.D. Cal. 2014) ("California state law claims alleging meal period violations are not preempted even where the CBA includes language entitling employees to such breaks" and collecting cases re: the same).

Defendant's suggestion that preemption applies because any meal break claims brought on behalf of commercial truck drivers only exist under the CBA is a non-starter. Defendant's argument is based on Section 512(e) which bars state law meal and rest break claims by commercial truck drivers if "(1)[t]he employee is covered by a valid collective bargaining agreement" and "(2) [t]he valid collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage." Cal. Labor Code § 512(e). Defendant insists that 512(e) would preempt any claim on behalf of commercial truck drivers. Perhaps, but Plaintiff is a non-exempt non-commercial truck driver employee who seeks to represent a class of non-exempt employees, which as Plaintiff's reply brief makes clear, excludes exempt commercial truck drivers. As Defendant conceded at oral argument, Plaintiff would not have standing to represent commercial truck drivers. The Court thus construes Plaintiff's claim as excluding commercial truck drivers.

Defendant has therefore failed to meet its burden to establish preemption under Prong One.

5

**2) Prong Two: The Claim Does Not Depend on Interpretation of the CBA**

With respect to the second prong of the LMRA preemption test, Defendant insists that the CBA's references to meal breaks and a seniority system mean that resolution of Plaintiff's meal break claims would require interpretation of the CBA. Not so. "[A]lleging a hypothetical connection between the claim and the terms of the CBA is not enough to preempt the claim: adjudication of the claim must require interpretation of a provision of the CBA." *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691–92 (9th Cir. 2001), as amended (Aug. 27, 2001). Indeed, "[a] creative linkage between the subject matter of the claim and the wording of a CBA provision is insufficient; rather, the proffered interpretation argument must reach a reasonable level of credibility." *Id*.

Defendant insists that the Court will be required to interpret the CBA to determine if it allows for more than one meal break and if the provision of work under the seniority system established in the CBA precludes a second meal break. Defendant characterizes both of these as "disputed issues," but the only dispute the complaint identifies whether Defendant's actions violated state law. Defendant has not cited a single CBAs provision which would suggest that Plaintiff could not take a second meal break if he worked more than a certain number of hours. Plaintiff's state law right to a second meal break is preempted only if the state law right is "substantially dependent on analysis of a collective-bargaining agreement." *Burnside*, 491 F.3d at 1059 (quotation marks omitted). If the claim requires interpreting the CBA it is preempted, but if it merely requires "looking to" the CBA it is not preempted. *Id*. "[A] court's need to 'review' or 'analyze' a CBA is not the same as 'interpreting' its text, as interpretation implies discordance over the meaning of a term that requires authoritative explication." *Cuellar-Ramirez v. US Foods, Inc.*, No. 16-CV-00085-RS, 2016 WL 1238603, at *5 (N.D. Cal. Mar. 22, 2016). "[I]f the Court would simply need to refer to the CBAs to determine whether the pre-conditions for the exemption to apply have been met, that would not be sufficient to invoke LMRA preemption." *Lopez v. Sysco Corp.*, No. 15-CV-04420-JSW, 2016 WL 3078840, at *4 (N.D. Cal. Jan. 25, 2016) (collecting cases re: the same). So it is here. Defendant has failed to cite to any specific CBA provision which contradicts or even governs Plaintiff's claim for a second meal break.

\*\*\*

In sum, Defendant has not demonstrated that Plaintiff's first claim for relief is preempted. As such, no basis for federal subject matter jurisdiction exists and this case must be remanded to the Alameda County Superior Court.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to remand is GRANTED. The Clerk shall remand this case to the Alameda Superior Court and close this file.

This Order disposes of Docket No. 28.

**IT IS SO ORDERED.**

Dated: December 21, 2017

*/s/ Jacqueline Scott Corley*
JACQUELINE SCOTT CORLEY
United States Magistrate Judge